JONES, J.,
dissenting.
The colloquy in the record supports a finding that Judge Oser told the defendant that he had a right to a jury trial. However, the record also supports a finding that the defendant’s waiver of the jury trial was not voluntary. The defendant’s attorney specifically stated that the defendant wished to be tried by the Court without a jury. However, when the court asked the defendant if this was correct, the defendant emphatically indicated that this representation was not true. However, after the judge indicated that the first six jurors would be called, defense counsel sought permission to confer. After conferring, defense counsel then advised the court that the defendant wished to be tried by the judge. The trial record contains no information to show why the defendant changed his mind about wanting a jury trial. However, the trial record clearly shows that shortly after agreeing to waive the jury, the defendant immediately asked for a continuance “to get a lawyer”. Without any detailed questioning as to why the defendant wanted to get a new lawyer, the judge simply denied the request.
*689 At the evidentiary hearing on the defendant’s application for post conviction relief, neither the judge nor defense counsel offered any explanation as to why the defendant stated that he wanted a new lawyer almost immediately after the above quoted colloquy took place. Defendant, however, insists that it was only after conferring with counsel that counsel coerced him into waiving the jury. He points to this conference as proof that counsel was trying to force him to waive the jury.
Trial counsel’s testimony that it appeared to him that the reason why he asked for a bench conference was because he must have been convinced that the appellant wanted a judge trial and the jury was already in the courtroom is somewhat incredulous, particularly in light of trial counsel’s testimony that under the circumstances, i.e. a burglary committed by a person with prior convictions being heard by that particular judge, he would have advised the appellant to choose a jury trial. Advising the defendant to waive the jury and be tried by a judge when trial counsel testified “burglary was just Judge Oser’s number one hate” was clearly not in the interest of the defendant. If indeed, as counsel testified, it did not matter to him if a defendant chose a jury or a judge trial, it is difficult to understand the necessity for a bench conference to confer with a defendant who has indicated that he is taking the advice allegedly given, i.e. requesting a jury trial. A reasonable conclusion to draw from these facts is that defense counsel did not want the jury trial and that he sought to convince the defendant to waive the jury. Alternatively, if this did not occur, the record clearly indicates a conflict between the defendant and trial counsel which was serious enough to warrant further interrogation by the Court. However, no such interrogation occurred.
While counsel was not necessarily under any obligation to place an indication in the record that the appellant’s waiver of the jury was against his advice, this lack of objection on his part, along with the strong evidence of a lack of voluntary waiver leads me to conclude that the evidence does not establish that a voluntary waiver was made.
In a situation like this, where the judge and defense counsel do not remember this ease and could only testify as to what their common practice in such eases would have been, but the defendant makes certain allegations which are indirectly confirmed by the record, I believe that the presumption is against the waiver of the right to a jury trial. Since the evidence presented at the hearings was sufficient to raise a serious doubt as to the voluntariness of the appellant’s waiver of this right, this assignment of error has merit.
For this reason I would reverse and remand for a new trial. Accordingly, I respectfully dissent.